IN RE COLUMBUS OUTDOOR ADVERTISING COMPANY.

[Cite as In re Columbus Outdoor Advtg. Co.
(1977), 51 Ohio App. 2d 187.]

(Nos. 76AP-861 and 76AP-862—Decided April 26, 1977.)

*Messrs. Alexander, Ebinger, Holschuh, Fisher &
McAlister* and *Mr. D. Michael Miller,* for appellant, Columbus Outdoor Advertising Co.

*Mr. John L. Francis,* city attorney, *Mr. Barry E. Everly* and *Ms. Sally Anthony,* for appellees, the city of Columbus, and the Board of Zoning Adjustment of the city of Columbus.

REILLY, J. These are consolidated appeals from judgments of the Court of Common Pleas of Franklin County, affirming the final orders and decisions of the Board of Zoning Adjustment of Columbus. The trial court's judgment entry reads as follows:

"These cases came before the Court on consolidated appeals from the final orders and decisions of the Board of Zoning Adjustment (BZA) of the city of Columbus. The Court, having considered the briefs of counsel and the record with supporting documents and the motions and memoranda filed herein, and being fully advised in the premises herein, finds the following:

"1. That the BZA was within its authority to deny certificates of zoning clearance to appellant by applying the provisions of C. C. Chapter 2106, Traffic Code.

"2. That C. C. Chapter 2106, Traffic Code, is not in conflict with 23 U. S. C. §131(a), (d), or (k), or O. R. C.

§§5516.02(D)or 5516.09 and that 23 U. S. C. §131(a), (d), and (k), and O. R. C. §§5516.02(D), and 5516.09 do not prevent a municipality from having more restrictive zoning regulations than either the Federal or State governments have enacted.

"3. That the action of the BZA in denying certificates of zoning clearance to appellant by applying the provisions of C. C. Chapter 2106, Traffic Code: does not deprive appellant of the equal protection of the law; does not deprive appellant of its business and property rights without due process of law; does not impermissibly restrict appellant's right of freedom of expression.

"Therefore, it is ordered, adjudged and decreed that the final orders and decisions of the Board of Zoning Adjustment be affirmed."*

Appellant has duly perfected this appeal including the following assignments of error:

"I. The Common Pleas Court Erred in Determining that Section 2106.02, C. C. C. Is Not In Conflict with Federal and State Law Regulating Graphics and Is Therefore a Constitutionally Valid Exercise of Power by the City of Columbus.

"II. The Common Pleas Court Erred in Determining that Section 2106.02, C. C. C., on Its Face and as Applied Against Appellant Does Not Deprive Appellant of the Equal Protection of the Laws.

"III. The Common Pleas Court Erred in Determining that Section 2106.02, C. C. C., on Its Face and as Applied

---

*Columbus Code 2106.02 states, in part, as follows:

"The Division of Traffic Engineering and Parking shall be responsible for the design, construction, installation and maintenance of all traffic control devices including but not limited to signs, signals, markings, parking meters, and devices for the purpose of regulating, warning or guiding traffic.

"The Division shall be responsible for conducting traffic and accident studies related to the design, construction, installation, and maintenance of all traffic control devises, and the movement of traffic. The Division shall review and approve all construction and building plans for conformance to city codes and standards relating to parking, and the safe and efficient movement of pedestrians and vehicles. * * *"

Against Appellant Does Not Deprive Appellant of Its Business and Property Rights Without Due Process of Law.

"IV. The Common Pleas Court Erred in Determining that Section 2106.02, C. C. C., on Its Face and as Applied Against Appellant Does Not Deprive Appellant of Its Right of Freedom of Expression.

"V. The Common Pleas Court Erred in Determining that the Board of Zoning Adjustment Acted Within Its Authority in Denying Certificates of Zoning Clearance to Appellant Based on Application of Section 2106.02, C. C. C."

Appellant's first assignment of error is without merit. We note that Title 23, Section 131(a), U. S. Code, includes the following:

"The Congress hereby finds and declares that the erection and maintenance of outdoor advertising signs, displays, and devices in areas adjacent to the Interstate System and the primary system should be controlled in order to protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve national beauty."

Further, Section 131(k) reads:

"(k) Nothing in this section shall prohibit a state from establishing standards imposing stricter limitations with respect to signs, displays, and devices on the federal-aid highway systems than those established under this section."

Moreover, Section 131, Title 23, U. S. Code, is not preemptive (not Section 131[d]). The federal law represents essentially an inducement to the states to control outdoor advertising. Moreover, federal statutes do not prohibit states or local governments from regulating in this area. Hence, R. C. 5516.09 reads as follows:

"The director of transportation shall promulgate and enforce regulations consistent with customary use in outdoor advertising and national policy governing any or all aspects of the advertising devices to be erected or maintained within six hundred sixty feet of the edge of the right-of-way of a highway on the interstate or primary systems and coming within the exceptions contained in division (D) of

section 5516.02 and in divisions (A) and (F) of section 5516.06 of the Revised Code. Said reulations shall include, but not be limited to, size, lighting, spacing, and such other conditions as may be necessary to effect the national policy. The director shall furnish a copy of such regulations, without charge, other than that authorized by section 119.05 of the Revised Code, to any person making a request therefor.

"The director may adopt such amendments to such regulations as are necessary and consistent with customary use in outdoor advertising and the national policy.

"Such regulations shall be in addition to the provisions of municipal ordinances regulating advertising devices and *shall not invalidate the provisions of any such municipal ordinance which are not less restrictive than the regulations promulgated by the director under this section."* (Emphasis added.)

Thus, since the standards of the city of Columbus are not less restrictive, they are not nullified by state law. Accordingly, appellant's first assignment of error is overruled.

Appellant's second, third and fourth assignments of error are interrelated and considered together. The Supreme Court held in the second and third paragraphs of the syllabus in *Curtiss* v. *Cleveland* (1959), 170 Ohio St. 127:

"2. In enacting such legislation, a legislative body is presumed to have decided that such legislation does bear such a real and substantial relation and is not unreasonable or arbitrary.

"3. Whether such legislation bears such real and substantial relation and whether it is reasonable or arbitary are questions committed in the first instance to the judgment and determination of the legislative body, and the decisions of such legislative body on those questions will not be disturbed unless they appear to be clearly erroneous."

Further, we note the second and third paragraphs of the syllabus in *Porter* v. *City of Oberlin* (1965), 1 Ohio St. 2d 143:

"2. Legislation must apply alike to all persons within a class, and reasonable grounds must exist for making a

distinction between those within and those without a designated class. Within the limits of these restrictive rules, a legislative body has a wide measure of discretion.

"3. Equal protection provisions of the federal and Ohio Constitutions do not require resort to close distinctions or the maintenance of a precise scientific uniformity."

The record in this case shows that the regulation involved in Columbus Code 2106.02 is a reasonable classification, and has a substantial relationship to the public safety and general welfare. Moreover, the regulation in this case does not violate appellant's First Amendment rights. In sum, Columbus Code Chapter 2106 is a valid exercise of police power and does not violate appellant's constitutional rights. See *Ghaster Properties, Inc.,* v. *Preston* (1964), 176 Ohio St. 425. Therefore, the second, third, and fourth assignments of error are overruled.

Appellant's fifth assignment of error is also not well taken. It is reiterated that federal statutes do not prevent the city of Columbus from regulating in this area. The Board of Zoning Adjustment acted within its authority in denying appellant a permit which, in effect, would allow it to violate provisions of the Columbus Code. Thus, appellant's fifth assignment of error is also overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.