The Honorable Dick Bond State Senator, 8th District State Capitol, Room 128-S Topeka, Kansas 66612
Dear Senator Bond:
You request our opinion concerning whether a city may regulate the size and spacing of commercial advertising signs that are located on private property and, if so, whether such regulations must conform to state and federal laws.
The answer to your first question is in the affirmative. Billboards and other forms of advertising may be regulated by a city under its police power in order to promote aesthetic considerations, traffic safety and the preservation of property values. Such regulation includes the size and shape of signs. Linmark Associates, Inc. v. Willingboro, 431 U.S. 85,52 L.Ed.2d 155, 97 S.Ct. 1614 (1977); Metromedia v. San Diego,453 U.S. 490, 69 L.Ed.2d 800, 100 S.Ct. 2882 (1981); City Council v.Taxpayers for Vincent, 466 U.S. 789, 80 L.Ed.2d 772, 104 S.Ct. 2118
(1984); National Advertising Co. v. City and County of Denver, 912 F.2d 405
(10th Cir. 1990); Robert Rieke Bldg. Co. v. City of Overland Park,232 Kan. 634 (1983).
One limitation on a city's exercise of its police power is that the regulation of the size and spacing of advertising signs must be reasonable and bear a fair relationship to the object sought to be obtained. Hearn v. City of Overland Park, 244 Kan. 638, 645 (1989);Robert Rieke Bldg. Co. 232 Kan. at 641. Whether an exercise of the police power bears a real and substantial relation to the public health, safety, morals or general welfare of the public, and whether it is unreasonable or arbitrary are questions which are committed in the first instance to the judgment and discretion of the legislative body, and, unless the decisions of such legislative body on the these questions appear to be clearly erroneous, the courts will not invalidate them. City of Douglassv. Tri-Co Fertiziler, Inc., 214 Kan. 154, 160 (1974).
Your second query concerns whether sign size and spacing regulations must conform to state and federal law. Those laws are found at23 U.S.C. § 131 and K.S.A. 68-2231 et seq. which address commercial signs that are located within 660 feet of an interstate highway.
The federal law provides for a reduction of federal aid highway funds to any state which has not established "effective control" of outdoor advertising signs within 660 feet of an interstate or primary system highway. Basically, all signs within 660 feet of federal interstate highways and primary highways (i.e. any highway on the national highway system) are limited to official and directional signs, signs advertising property for sale/lease, on-site advertising, landmark signs and signs advertising free coffee. 23 U.S.C. § 131(c). States may impose stricter limitations with respect to signs than federal law requires.23 U.S.C. § 131(k). Subsection (d) of 23 U.S.C. § 131 allows outdoor advertising signs within 660 feet of interstate and primary highways if the area is zoned commercial or industrial under state laws and the size, lighting and spacing regulations are the subject of an agreement between the state and the federal secretary of transportation. If the agreement permits control by local zoning authorities, those regulations will govern and such regulation may be either more restrictive or less restrictive than the criteria in the agreement unless state law requires equivalent or more restrictive control. 23 C.F.R. § 750.706(c).
In order to avoid the loss of federal funds the Kansas legislature adopted the highway advertising control act (K.S.A. 68-2231 et seq.) which, with certain exceptions, prohibits the erection or maintenance of outdoor commercial advertising signs within 660 feet of interstate or primary highways. Roberts Enterprises Inc. v. Secretary of Transportation,237 Kan. 276 (1985). One of the exceptions is for signs erected in commercial or industrial areas. K.S.A. 68-2233. Such signs are subject to statutory size, spacing and lighting requirements. K.S.A. 68-2234. However, subsection (e) of K.S.A. 68-2234 authorizes cities and counties to regulate the erection, maintenance, size, spacing and lighting of signs by adopting standards which may be consistent with, or more or less restrictive than state law.
The short answer to your question is that city regulation of outdoor commercial advertising within 660 feet of a federal or primary system highway may not conflict with 12 U.S.C. § 131 and K.S.A. 68-2231 et seq. However, both the federal and state law recognize a city's authority to regulate in commercial and industrial areas. In fact, several courts have concluded that neither 12 U.S.C. § 131 or state statutes regulating outdoor commercial advertising preempt cities from regulating outdoor advertising because of the deference paid to local governmental entities. Ackerley Communications v. City of Seattle, 602 P.2d 1177
(Wash. 1979); Fort Collins v. Root Outdoor Advertising, 788 P.2d 149
(Co. 1990); In re Columbus Outdoor Advertising Co., 367 N.E.2d 920 (Ohio 1977); Scadron v. City of Des Plaines, 606 N.E.2d 1154 (Ill. 1994);Lamar-Olando, Etc. v. City of Ormond Beach, 415 So.2d 1313 (Fl. App. 1982); T and S Signs Inc. v. Village of Wadsworth, 634 N.E.2d 306
(Ill.App. 1994); Sign Supplies of Texas v. McConn, 517 F. Supp. 778
(Tx. 1980).
There may circumstances where a city sign regulation may conflict with either the federal or the state statute and if a court determines that such conflict exists, the city ordinance will fail. However, given the great deference paid by both the federal and state government to a city's regulatory authority over the erection, maintenance, size, spacing and lighting of signs in commercial and industrial areas, it may difficult to establish such a conflict.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm